# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDOLPH DAY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LONGVUE MORTGAGE CAPITAL, INC., et al.,<br><br>　　　　　Defendants. | Case No. 2:17-cv-01596-JAD-CWH<br><br>**ORDER** |

Presently before the court is defendant Longvue Mortgage Capital Inc.'s ("Longvue") motion to set aside default (ECF No. 34), supported by Ramir M. Herndadez's declaration (ECF No. 35), filed on February 5, 2018. Plaintiff Randolph Day filed a response (ECF Nos. 36, 37) on February 20, 2018, to which defendant replied (ECF No. 38) on February 27, 2018.

**I.　BACKGROUND**

The court granted three stipulations to extend Longvue's deadline to answer or otherwise respond to the complaint in this case. (Orders (ECF Nos. 17, 19, 23).) The third order extended the deadline to answer until August 18, 2017. (Order (ECF No. 23).) Longvue did not file a responsive pleading, and on October 20, 2017, Day moved for an entry of default. (Mot. for Entry of Clerk's Default (ECF No. 27).) On October 23, 2017, the clerk entered default against Longvue. (Clerk's Entry of Default (ECF No. 29).) On the same day, Longvue filed an answer. (Ans. (ECF No. 30).) Longvue now moves to set aside the clerk's entry of default.

**II.　DISCUSSION**

Rule 55 of the Federal Rules of the Civil Procedure provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it. Where this failure is "shown by affidavit or otherwise," the clerk must enter a party's

default under Rule 55(a). The court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c); *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F.3d 1085, 1091 (9th Cir. 2010). Good cause is determined by the three "*Falk*" factors: (1) whether the plaintiff would be prejudiced if the default is set aside, (2) whether the defendant has a meritorious defense, and (3) whether the defendant engaged in culpable conduct that led to the default. *Id.*; *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). It is within the court's discretion whether to set aside a default. *Mesle*, 615 F.3d at 1091. A positive determination of any of the three disjunctive *Falk* factors is sufficient to set aside the clerk's default. *See Brandt v. American Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). The standard conforms with the Ninth Circuit's "policy favoring judgements on the merits," rather than by default. *See e.g.*, *Mesle*, 615 F.3d at 1091.

To satisfy the "not extraordinarily heavy" burden of presenting a meritorious defense, the defendant seeking to vacate a default must present specific facts that would constitute a defense. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001). There must be some possibility that the suit would have a different outcome at trial than the result achieved by default. *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Longvue argues that it has meritorious defenses to Day's allegations, as set forth in its answer to the complaint. Day argues that Longvue is required to articulate facts supporting its contention that it has a meritorious defense. Having reviewed Longvue's answer, the court finds that the document raises the possibility of a meritorious defense. The answer raises eight affirmative defenses, including failure to state a claim, equitable doctrines, waiver and estoppel. (Ans. (ECF No. 30).) Success on any one of these eight affirmative defenses would result in an outcome other than default. *See Stone*, 794 F.2d at 513-14. Having satisfied at least one of the factors, the court need not proceed further to the remaining factors to find the default be set aside. *See Brandt*, 653 F.3d at 1111. Further, the case is in its early stages and the parties have not yet commenced discovery. Thus, there is minimal prejudice to Day as a result of setting aside the clerk's default.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant's motion to set aside the default (ECF No. 34) is GRANTED.

IT IS FURTHER ORDERED the parties must meet and confer and file a proposed discovery plan and scheduling order within 21 days.

DATED: August 8, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE