WRIGHT, FINLAY & ZAK, LLP
R. Samuel Ehlers, Esq.
Nevada Bar No. 9313
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
 (702) 475-7964; Fax: (702) 946-1345
*Attorneys for Defendant, LongVue Mortgage Capital Inc., as trustee for WestVue NPL Trust II and Proposed Substitute Party, LongVue Mortgage Capital Inc., as trustee for WVUE 2015-1*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RANDOLPH DAY, | Case No.:   2:17-cv-01596-JAD-CWH |
| Plaintiff, | **MOTION TO SUBSTITUTE PARTY, OR IN THE ALTERNATIVE, MOTION TO INTERVENE** |
| vs. | |
| LONGVUE MORTGAGE CAPITAL INC., as trustee for WESTVUE NPL TRUST II; FIRST AMERICAN SOLUTIONS, LLC, and DOES I-X AND ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

Defendant LongVue Mortgage Capital Inc., as trustee for WestVue NPL Trust II (hereinafter "Defendant" or "WestVue"), and proposed Substituted Party LongVue Mortgage Capital Inc., as trustee for WVUE 2015-1 ("WVUE") by and through their attorneys of record, R. Samuel Ehlers, Esq and Ramir M. Hernandez, Esq. of the law firm of Wright, Finlay & Zak, LLP, hereby move this Court pursuant to Fed. R. Civ. P. 25 to substitute WVUE into this action as the Defendant in place and stead of WestVue.  WVUE is the successor-in-interest to WestVue and the current beneficiary of record of the Deed of Trust and, as such, is the proper real party-in-interest and should be granted the right to substitute in to the pending litigation, or in the alternative, to intervene, pursuant to Fed. R. Civ. P. 24.

1         This Motion is made and based upon the attached Memorandum of Points and

2   Authorities, pleadings and papers on file herein, and any oral argument as the Court may deem

3   necessary.

4         DATED this 14th day of June, 2019.

5

6                  WRIGHT, FINLAY & ZAK, LLP

7                  */s/ Ramir M. Hernandez*

8                  R. Samuel Ehlers, Esq.

                 Nevada Bar No. 9313

9                  Ramir M. Hernandez, Esq.

10                 Nevada Bar No. 13146

                 7785 W. Sahara Ave., Suite 200

11                 Las Vegas, NV 89117

12                 *Attorneys for Defendant, LongVue Mortgage*

                 *Capital Inc., as trustee for WestVue NPL Trust II*

13                 *and Proposed Substitute Party, LongVue Mortgage*

                 *Capital Inc., as trustee for WVUE 2015-1*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

3       Defendant, LongVue Mortgage Capital Inc., as trustee for WestVue NPL Trust II

4   ("WestVue") and Proposed Substituted Defendant, LongVue Mortgage Capital Inc., as trustee

5   for WVUE 2015-1 ("WVUE") seek relief from this Court to substitute WVUE as the named

6   Defendant in the pending litigation, or in the alternative to intervene as the real party in interest.

7   Just cause exists to do so because public records show that WVUE is the beneficiary of record of

8   the Deed of Trust.

9       This case involves the validity of the Note and the right of WestVue to foreclosure on the

10  Property.   Plaintiff filed the instant action seeking, *inter alia*, to stop the foreclosure of the

11  Property based on allegations that WestVue does not possess valid endorsements on the Note in

12  order to foreclosure on the Subject Property.  As discussed in further detail below, the Deed of

13  Trust was assigned to WVUE.  As such, WVUE is the proper party-in-interest to the pending

14  litigation and seeks to be substituted in the place and stead of WestVue.

15

### II.    STATEMENT OF FACTS

16      1.    This matter concerns a dispute regarding real property located at 32 Via Paradiso

17  St., Henderson, NV 89011 (the "Property").[1]

18      2.    On April 10, 2007, Plaintiff Randolph Day took out a loan in the amount of

19  $900,000.00 by executing an Adjustable Rate Note with Interest-Only Period ("Note") in favor

20  of Mortgage Max Corporation.[2]

21      3.    To secure the loan, Plaintiff executed a Deed of Trust in favor of Mortgage

22  Electronic Registration Systems, Inc. ("MERS") as nominee for Mortgage Max Corporation on

23  April 10, 2007.  The Deed of Trust was recoded in the Clark County Recorders Office on April

24  18, 2007 as Instrument No. 20070418-0003075.[3]

25      4.    On August 8, 2012, Mortgage Electronic Registration Systems, Inc. as nominee

26  for Mortgage Electronic Registrations Systems, Inc., solely as nominee for Mortgage Max

27

28

---

[1] *See* ECF No. 1 at §7.

[2] A true and correct copy of the Note is attached hereto as **Exhibit A**.

[3] A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**.

1   Corporation and its successors and assigns assigned its interest in the Deed of Trust to Flagstar

2   Bank, FSB ("Flagstar") via an Assignment of Deed of Trust recorded in the Clark County

3   Recorders Office as Document No. 201208080003210.[4]

4       5.      On June 28, 2015, Flagstar assigned its interest in the Deed of Trust to WestVue

5   via an Assignment of Deed of Trust recorded in the Clark County Recorders Office as Document

6   No. 20150728-0001955.[5]

7       6.      On June 7, 2017, Plaintiff filed the Complaint in this matter.[6]

8       7.      On October 23, 2017, WestVue filed an Answer to the Complaint.[7]

9       8.      On May 20, 2019, WestVue assigned its interest in the Deed of Trust to WVUE

10  via an Assignment of Deed of Trust recorded in the Clark County Recorders Office as Document

11  No. 20190520-0002575.[8]

12      9.      Pursuant to the deposition testimony of WestVue and the recorded assignment,

13  WVUE is the current holder of the rights to Plaintiff's loan.[9]

14      10.     Plaintiff's allegations are directed only at WestVue. No other parties have

15  appeared in the case.

16      11.     WVUE now seeks to substitute as Defendant as WVUE is the current beneficiary

17  of record.

18                          III.   **LEGAL ARGUMENT**

19      **A. This Court should substitute WVUE as the real party of interest in the place of**

20          **WestVue.**

21      Fed. R. Civ. P. 25(c) permits a person to make a motion to substitute party in the "case of

22  any transfer of interest."  In such circumstance, "the action may be continued by or against the

23

24  [4] A True and Correct Copy of the MERS Assignment of Deed of Trust is attached hereto as
    **Exhibit C**.

25  [5] A True and Correct Copy of the Flagstar Assignment of Deed of Trust is attached hereto as
    **Exhibit D**.

26  [6] ECF No. 1.
    [7] ECF No. 30.

27  [8] A True and Correct Copy of the WestVue Assignment of Deed of Trust is attached hereto as
28  **Exhibit E**.
    [9] *See* **Exhibit F**, Dep. of WestVue at 44:9-11.

original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." The Rule does not require substitution, and the action can continue in the name of the original party.  However, application of Fed. R. Civ. P. 25 is generally within the trial court's discretion.[10]

Here, WVUE is the record real party-in-interest[11] and should be permitted to substitute in the place and stead of WestVue as Defendant in this action pursuant to Fed. R. Civ. P. 25(c).  As the current beneficiary of record of the Deed of Trust, WVUE has a direct and substantial interest in the case due to the Complaint seeking a judicial determination as to the validity of the Note and right of the Note Holder to foreclose.  As the current beneficiary of record of the Deed of Trust, WVUE should be afforded the opportunity to litigate its rights, title, and interest in the first Deed of Trust against the Property.   It is important that a successor-in-interest, WVUE will assume all the rights and liabilities held by WestVue as Rule 25 is merely procedural, not dispositive of the claims.[12]   As such, there is no prejudice to Plaintiff as he loses none of his allegations or claims as a result of the substitution.

**B.  In the alternative, WestVue requests permission to intervene in the action**

In the alternative, in the event the Court does not believe substitution is appropriate, WVUE requests that it be permitted to intervene in the action and dismiss WestVue.  Fed. R. Civ. P. 24 provides the mechanism by which a person may intervene:

(a) Intervention of Right.   On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of       the action, and is so situated that disposing of the action may as a practical matter       impair or impede the movant's ability to protect its interest, unless existing parties       adequately represent that interest.

---

[10] *See McComb v. Row River Lumber Co.*, 177 F.2d 129 (9th Cir. 1949); *United States use of Acme Granite & Tile Co. v. F. D. Rich Co.*, 437 F.2d 549 (9th Cir. 1970).
[11] *See* fn. 8-9, supra.
[12] *See, Hilbrands v. Far E. Trading Co., Inc.*, 509 F.2d 1321, 1323 (9th Cir. 1975)("Rule 25, it is true, is procedural and does not provide for the survival of any right of action. Survival of the right does depend on substantive law.").

(b) Permissive Intervention.

(1) *In General*.   On timely motion, the court may permit anyone to intervene who:
(A) is given a conditional right to intervene by a federal statute; or
(B) as a claim or defense that shares with the main action a common question                         of law or fact.
…
(3) *Delay or Prejudice*.   In exercising its discretion, the court must consider                      whether the intervention will unduly delay or prejudice the adjudication of the      original parties' rights.

Here, WVUE, the current beneficiary of record, is a necessary party to the litigation and has a direct and substantial interest in the case due to the Complaint seeking a judicial determination that WestVue, the prior beneficiary, has no enforceable lien interest as to the Property.  No other party in the case can adequately represent WVUE's interest.  WestVue no longer owns the loan or acts as the beneficiary of the Deed of Trust.  Alternatively, permissive intervention necessitates WVUE intervention because its claim to the Note and Deed of Trust are at issue in the present litigation.

/./.

/./.

/./.

/./.

/./.

/./.

/./.

/./.

/./.

/./.

/./.

/./.

/./.

/./.

## IV.    CONCLUSION

Just cause exists to substitute WVUE as the named Defendant in the pending litigation, or in the alternative to intervene as the real party in interest.   The subject Deed of Trust was assigned to WVUE and WestVue no longer has a recorded interest in the Property.   Shortly after recording the Assignment, WVUE filed the instant motion, and no parties will be prejudiced due to the change of the Defendant.   Based upon the foregoing, WestVue and WVUE respectfully request that the Court allow WVUE to substitute in the place and stead of WestVue as the named Defendant in the pending litigation or, in the alternative, permit WVUE to intervene and dismiss WestVue from the pending litigation, and to amend the case caption accordingly.

DATED this 14th day of June, 2019.


WRIGHT, FINLAY & ZAK, LLP


*/s/ Ramir M. Hernandez*
R. Samuel Ehlers, Esq.
Nevada Bar No. 9313
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
*Attorneys for Defendant, LongVue Mortgage*
*Capital Inc., as trustee for WestVue NPL Trust II*
*and Proposed Substitute Party, LongVue Mortgage*
*Capital Inc., as trustee for WVUE 2015-1*

1

**<u>CERTIFICATE OF SERVICE</u>**

2        Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 14th day of June, 2019, a true and

3 correct copy of **MOTION TO SUBSTITUTE PARTY, OR IN THE ALTERNATIVE,**

4 **MOTION TO INTERVENE** was sent via e-mail to the following.

5        Andrew P. Dunning, Esq. adunning@Gtg.legal

6

7        Eric R. Olsen, Esq. eolsen@Gtg.legal

8        Catherine Rowe crowe@Gtg.legal

9

10

11        */s/ Jason Craig*
        An Employee of Wright, Finlay & Zak, LLP

12

13

| EXHIBIT INDEX | |
|---|---|
| **Exhibit A** | Note |
| **Exhibit B** | Deed of Trust |
| **Exhibit C** | MERS Assignment of Deed of Trust |
| **Exhibit D** | Flagstar Assignment of Deed of Trust |
| **Exhibit E** | WestVue Assignment of Deed of Trust |
| **Exhibit F** | Dep. of WestVue |