UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDOLPH DAY,<br><br>        Plaintiff,<br><br>   v.<br><br>LONGVUE MORTGAGE CAPITAL, INC., as trustee for WESTVUE NPL TRUST II; FIRST AMERICAN SOLUTIONS, LLC; and DOES I-X and ROES CORPORATIONS I-X, inclusive,<br><br>        Defendants. | Case No. 2:17-cv-01596-JAD-EJY<br><br>**ORDER** |

Presently before the Court is Defendant's Motion to Substitute Party (ECF No. 53) or, in the alternative, Motion to Intervene (ECF No. 54), filed on June 14, 2019. Plaintiff filed its Opposition (ECF No. 56) on June 28, 2019, and Defendant filed its Reply (ECF No. 57) on July 3, 2019.

**I.    PROCEDURAL BACKGROUND**

This matter arises from claims alleging statutorily defective foreclosure, slander of title, lack of standing to foreclose/wrongful foreclosure, violations of the Fair Debt Collections Practices Act, deceptive trade practices, civil RICO, mortgage lending fraud, and intentional infliction of emotional distress. ECF No. 1. Defendant LongVue Mortgage Capital Inc., as trustee for WestVue NPL Trust II ("WestVue"), requests that proposed Substituted Party LongVue Mortgage Capital Inc., as trustee for WVUE 2015-1 ("WVUE"), be substituted in this action as the Defendant in its place and stead pursuant to Rule 25 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). ECF No. 53. Defendant represents that WVUE is the successor-in-interest to WestVue and is the current beneficiary of record of the deed of trust. *Id*. at 1:25–26. Defendant argues that WVUE is, therefore, the proper real party in interest. *Id*. at 1:26-27. Defendant represents that the deed of trust was assigned to WVUE on May 20, 2019. *Id*. at 4:9–11. Plaintiff Randolph Day argues that Defendant's request is unwarranted because the interest LongVue Mortgage, Capital Inc. purports to hold was

transferred before this action commenced. ECF No. 56 at 5:18–6:24. Defendant counterargues that its Motion would not change the obligation of any party to this litigation, other than the name of the Defendant. ECF No. 57 at 2:5–6.

In the event that the Court does not believe substitution is appropriate, WVUE requests that it be permitted to intervene in the action and dismiss WestVue. ECF No. 53 at 5:15–6:14. Plaintiff argues that permissive intervention is similarly improper because WVUE has no interest or role in this action, and allowing WVUE to intervene at this stage of the proceedings would prejudice Plaintiff by complicating matters, causing delay, and increasing expense. ECF No. 57 at 7:1–6:11.

The Court will discuss each of the Defendant's Motions below.

## II. DEFENDANT'S MOTION TO SUBSTITUTE PARTY

Fed. R. Civ. P. 25 governs the substitution of parties. Rule 25(c) states that if an interest is transferred, "the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Rule 25(c) is designed to allow an action to continue unphased when an interest in the lawsuit changes hands. *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (internal citation omitted). Specifically, Rule 25(c) "does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named." *Id*. (internal citations omitted). The decision to substitute parties under Rule 25(c) is within the court's discretion. *United States for Use of Acme Granite & Tile Co. v. F. D. Rich Co.*, 437 F.2d 549, 552 (9th Cir. 1970); *McComb v. Row River Lumber Co.*, 177 F.2d 129, 130 (9th Cir. 1949).

Defendant alleges (albeit incorrectly) that WVUE was assigned the interest to the disputed deed of trust on May 20, 2019. ECF No. 53 at 4 ¶ 8. As the purported holder of the deed of trust, Defendant asserts that "WVUE has a direct and substantial interest in the case due to the Complaint seeking a judicial determination as to the validity of the Note and right of the Note Holder to foreclose." *Id*. at 5:7–9 (internal footnotes omitted). Accordingly, Defendant moves this Court to substitute WVUE into this action as the Defendant in place of WestVue. *Id*. at 1:20–28.

1 | The facts militate against the Court's discretionary substitution of WVUE for WestVue in the present action. Most significantly, irrespective of the statement by Defendant regarding the disputed deed of trust assignment date, it appears that "[d]espite three foreclosures (including mediations) and two years of litigation before this Court, Defendant only very recently revealed that WestVue NPL . . . assigned the Day Loan to WVUE 2015-1 in *December 2015*." ECF No. 56 at 4:7–10. As Plaintiff points out, "[Defendant's] Motion's factual timeline . . . fail[s] to mention either the three relevant foreclosures or the fact WestVue NPL assigned away those same rights to WVUE 2015-1 on December 11, 2015." *Id*. at 6:8–11. Only a close reading of Defendant's fifth exhibit attached to its underlying Motions (ECF No. 53-5; ECF No. 53-5) reveals that the WestVue assignment of the disputed deed of trust actually occurred on December 11, 2015, and not on May 20, 2019. *Id*. at 4:24–5:1. Finally, citations to deposition testimony taken of Defendant's Fed. R. Civ. P. 30(b)(6) witness in Plaintiff's Motion for Partial Summary Judgment (ECF No. 55) seem to confirm that Defendant knew WestVue was not the holder of the Day Loan after the December 2015 assignment. *Id*. at 6:15–17. These discrepancies rightfully trouble the Plaintiff, and undermine Defendant's request for substitution.

Defendant claims that WVUE "will assume all of the rights and liabilities held by WestVue as Rule 25 is merely procedural, not dispositive of the claims. As such, there is no prejudice to Plaintiff as he loses none of his allegations or claims as a result of the substitution." ECF No. 53 at 5:11–14. It is true that a substituted defendant "must . . . stand in [the original defendant's] shoes with respect to all phases of litigation." *In re Bernal*, 207 F.3d at 598. Notwithstanding, Defendant's unwarranted delay in reporting WestVue's transfer of assignment of the deed of trust cuts against substituting WVUE for WestVue under Rule 25(c). The Court, in an exercise of discretion, denies Defendant's Motion to Substitute Party (ECF No. 53).

**III.     DEFENDANT'S MOTION TO INTERVENE**

Fed. R. Civ. P. 24(b) governs permissive intervention. "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d

3

1297, 1308 (9th Cir. 1997) (internal citation omitted); Fed. R. Civ. P. 24(b). "A finding of untimeliness defeats a motion for permissive intervention." *United States v. State of Wash.*, 86 F.3d 1499, 1507 (9th Cir. 1996). In assessing timeliness under Rule 24(b)(2), the court considers "(1) the stage of the proceeding; (2) the prejudice to existing parties; and (3) the reason for and length of the delay." *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (internal citations omitted).

Defendant requests that WVUE be permitted to intervene in the action and dismiss WestVue, given that the Court does not find substitution of the Defendant appropriate. ECF No. 53 at 5:16–17. Defendant claims that "permissive intervention necessitates WVUE [sic] intervention because its claim to the Note and Deed of Trust are at issue in the present litigation." *Id*. at 6:12–14. "WVUE's chief concern is that if it is not added a party, and it attempts to proceed with foreclosure at some point in the future, WVUE will have to defend another fraudulent note lawsuit." ECF No. 57 at 3:21–23.

The facts militate against the permissive intervention of WVUE and dismissal of WestVue in the present action. First, Defendant's Motion to Intervene is far from timely. The Court finds that the intervention of WVUE "after two years of litigation and after the close of discovery, and Defendant's corresponding request for its dismissal" would unduly delay and prejudice the adjudication of Plaintiff's rights. ECF No. 56 at 8:8–9. Indeed, Defendant does not even attempt to explain why it brings its Motion now, despite "possess[ing] all the documents and knowledge required to intervene at the time the case first commenced." *Id*. at 7:27–28. Further, there is no reason why Defendant cannot adequately defend against Plaintiff's claim that WestVue never obtained rights in the June 2015 assignment, without having to resort to a court-sanctioned intervention. *Id*. at 7:23–24. Finally, Defendant fails to explain in its instant Motions (ECF Nos. 53, 54) and Reply (ECF No. 56) what interests, claims, defenses, or role WVUE has in this action. Therefore, the Defendant's Motion to Intervene (ECF No. 54) is denied.

IV.   **CONCLUSION**

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Substitute Party (ECF No. 53) is DENIED.

4

IT IS FURTHER ORDERED that Defendant's Motion to Intervene (ECF No. 54) is DENIED.

DATED THIS 18th day of September, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE