WRIGHT, FINLAY & ZAK, LLP
Darren T. Brenner, Esq.
Nevada Bar No. 8386
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
 (702) 475-7964; Fax: (702) 946-1345
*Attorneys for Defendant, LongVue Mortgage Capital Inc., as loan servicer for WestVue NPL Trust II*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RANDOLPH DAY,<br><br>              Plaintiff,<br><br>vs.<br><br>LONGVUE MORTGAGE CAPITAL INC., as trustee for WESTVUE NPL TRUST II; FIRST AMERICAN SOLUTIONS, LLC, and DOES I-X and ROE CORPORATIONS I-X, inclusive,<br><br>              Defendants. | Case No.:  2:17-cv-01596-JAD-CWH<br><br>**Order Granting Motion to Execute on Preliminary Injunction Bond and Directing Clerk of Court to Disburse Bond**<br><br>[ECF No. 95] |

Defendant LongVue Mortgage Capital Inc., as loan servicer for WestVue NPL Trust II, Motion to execute the Preliminary Injunction Bond [ECF No. 95] came before this Court.  The Motion was unopposed. The Court issued a minute granting the Motion and requiting LongVue to file a proposed order granting the motion by 10/9/2020 for the court's consideration and execution [ECF No. 96].  Good cause appearing; therefore, the Court finds and concludes as follows:

## FINDINGS OF FACT

**THE COURT FINDS AS FOLLOWS:**

1. On April 10, 2007, Plaintiff Randolph Day borrowed $900,000.00 from his own company, Mortgage Max Corporation, as evidenced by the Adjustable Rate Note with Interest-Only Period ("Note") to refinance a loan for the Property he owned located at 32 Via Paradiso Street, Henderson, NV 89011.

2. To secure the loan, Plaintiff executed a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Mortgage Max Corporation on April 10, 2007. The Deed of Trust was recoded in the Clark County Recorders Office on April 18, 2007 as Instrument No. 20070418-0003075.

3. On November 5, 2010, Plaintiff entered into a Loan Modification on the Note with Carrington Mortgage Services LLC. The Loan Modification set Plaintiff's monthly payment at $3,481.65.

4. On, August 8, 2012, Mortgage Electronic Registration Systems, Inc. as nominee for Mortgage Electronic Registrations Systems, Inc., solely as nominee for Mortgage Max Corporation and its successors and assigns recorded an Assignment of the Deed of Trust to Flagstar in the Clark County Recorders Office as Document No. 201208080003210.

5. On June 28, 2015, Flagstar recorded an assignment of its interest in the Deed of Trust to WestVue NPL Trust II (hereinafter "WestVue") in the Clark County Recorders Office as Document No. 20150728-0001955.

6. On May 20, 2019, WestVue recorded an assignment of its interest in the Deed of Trust to WVUE in the Clark County Recorders Office as Document No. 20190520-0002575.

7. LongVue is the loan servicer for both WestVue and WVUE.

8. On June 7, 2017, Plaintiff filed a Complaint claiming that LongVue was not entitled to foreclosure on the deed of trust. In the Complaint, Plaintiff sought to enjoin LongVue's pending foreclosure sale of the Property.[1]

9. Based on Plaintiff's allegations, the Court entered a preliminary injunction in this matter on June 27, 2017 enjoining the foreclosure sale, and ordered Plaintiff to post a bond of

---

[1] ECF No. 1.

$4,000.00. Plaintiff posted the bond on June 29, 2017.[2]

10. On June 15, 2020, the Court entered an Order Granting Summary Judgment in Favor of Defendants and Dissolving Injunction.[3]

11. On June 29, 2020, the Court entered a Minute Order a minute granting the Motion and requiting LongVue to file a proposed order granting the motion by 10/9/2020 for the court's consideration and execution.[4]

### CONCLUSIONS OF LAW

**THE COURT CONCLUDES AS FOLLOWS:**

1. FRCP 65(c) states, "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." "Under this rule, before a court may execute a bond, it must find the enjoined or restrained party was "wrongfully enjoined or restrained.""[5] "[A] party has been wrongfully enjoined within the meaning of Rule 65(c) when it turns out the party enjoined had the right all along to do what it was enjoined from doing."[6]

2. As the prevailing party on summary judgment, LongVue is entitled to the full amount of the $4,000.00 preliminary injunction bond to reimburse it for its loss resulting from the injunction.

3. In its Summary Judgment Order, the Court held that LongVue had the standing to foreclose on the Property; however, LongVue could not complete foreclosure under the Deed of Trust because of the preliminary injunction.

4. The delay in the foreclosure resulted in a loss to LongVue. Pursuant to the Loan Modification entered into by Plaintiff and a prior loan servicer, Plaintiff's monthly payment is $3,481.65.[7] This stay on the appeal lasted from June 27, 2017 to June 15, 2020, the date of the

---

[2] ECF Nos. 15-16.
[3] ECF No. 82.
[4] ECF. No. 84.
[5] *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994).
[6] *Id.* (internal citations *omitted*).
[7] *See* ECF 95-3.

Summary Judgment Order and dissolution of the preliminary injunction.  That is a period of 36 months. If Plaintiff had made all of his monthly payments during the injunction period, LongVue would have received $125,339.40 ($3,481.65 x 36) in payments to be applied to the outstanding balance of the loan.  Thus, the $4,000.00 bond deposited by Plaintiff with the Court represents barely over a month of payments and only a fraction of the amount that LongVue would otherwise be entitled.

## ORDER

IT IS THEREFORE ORDERED that the Motion Execute Preliminary Injunction Bond **[ECF No. 95] is GRANTED**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to disburse the full bond amount and interest payable to "WVUE 2015-1" and sent to its address at 1300 Quail Street, Suite 106, Newport Beach, California 92660.

_____
U.S. District Judge Jennifer A. Dorsey

Dated: February 2, 2020